LEWIS PRESLEY *vs.* THOMAS STRIBLING; SAME *vs.* HOLLO-
WAY E. SIMMONS.

A court of equity would maintain the *cestui que trust* in the possession and use
of the property against the claim of the trustee; yet a court of law, looking
only at the legal title, could not notice this right, and therefore cannot en-
force it.

IN error from the circuit court of Neshoba county; Hon.
John Watts, judge.

The facts are contained in the opinion of the court, and the
preceding case.

*Wharton, Guion & Baine,* for appellant.

*W. E. Pugh,* on the same side.

*Enloe & Baldwin,* for appellee.

Mr. Justice YERGER delivered the opinion of the court.

These two cases are similar in all respects to the case of
*Presley* v. *Rogers,* with the exception, that these are actions of
replevin brought by the trustee, and that was a suit under the
statute to try the right of property.

At first we were inclined to think, inasmuch as the plaintiff
in the action of replevin must have the right of immediate
possession, that we should be compelled to affirm the judgment
in these cases, and leave the trustee to pursue his rights in a
court of equity. On further reflection we think, that although
a court of equity would maintain Mrs. Edwards in the posses-
sion and use of the property against the claim of the trustee;
yet a court of law, looking only at the legal title, could not notice
this right, and, therefore, could not enforce it. The same judg-
ment must, therefore, be entered in these two cases as in *Pres-
ley* v. *Rogers.*

Judgment reversed, and cause remanded.